FILED
May 04, 2026
11:18 AM(ET)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | |
|---|---|
| **FREDERICK WHITSON,**<br>　　　　**Employee**,<br>**v.**<br>**EXPRESS EMPLOYMENT**<br>**PROFESSIONALS,**<br>　　　　**Employer**,<br>**And**<br>**AIU INSURANCE COMPANY,**<br>　　　　**Carrier**.<br>**And**<br>**TROY HALEY, Administrator,**<br>**Subsequent Injury and Vocational**<br>**Recovery Fund.** | **Docket No. 2025-60-6965**<br><br>**State File No. 57130-2024**<br><br>**Judge Audrey Headrick** |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

On May 1, 2026, the Court heard Express Employment's motion for summary judgment. Because an affidavit demonstrates Mr. Whitson's evidence is insufficient to satisfy the statute of limitations and negates an essential element of the timely filing of his claim, summary judgment is appropriate and is granted.

### Claim History

On August 13, 2024, Mr. Whitson felt light-headed, lost consciousness, and fell, sustaining left shoulder and wrist injuries. Express Employment initially authorized treatment but denied the claim a week later, asserting his diabetes caused his collapse. Mr. Whitson filed a petition October 29, 2025, seeking benefits.

1

After entry of a scheduling order, Express Employment moved for summary judgment, arguing that the claim is time-barred. In support of its motion, a claims adjuster's affidavit confirmed that Express Employment's last voluntary payment for benefits occurred on September 23, 2024.

Mr. Whitson did not appear for the motion hearing or file a response.

**Findings of Fact and Conclusions of Law**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2025).

As the moving party, Express Employment must either: (1) submit affirmative evidence that negates an essential element of Mr. Whitson's claim, or (2) demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2025); *see also Rye v. Women's Care Ctr. of Memphis*, *MPLLC,* 477 S.W.3d 235, 264 (Tenn. 2015). If Express Employment meets this burden, Mr. Whitson must produce specific facts showing a genuine issue for trial. *Rye*, at 265.

Express Employment argued summary judgment is appropriate because it demonstrated that Mr. Whitson failed to file a petition timely, so his claim is time-barred. Tennessee Code Annotated section 50-6-203(b)(2) governs the time within which a petition must be filed when an employer has provided benefits voluntarily, as in this case. Specifically, within one year after the work accident, the right to compensation is forever barred unless a petition is filed within one year from the time the employer "ceased to make payments of compensation to or on behalf of the employee."

Here, the undisputed facts show that Express Employment last paid benefits on September 23, 2024, but Mr. Whitson did not file his petition until October 29, 2025. Therefore, Express Employment negated an essential element of his claim, and it also demonstrated that his evidence is insufficient to establish an essential element of his claim. Express Employment's motion for summary judgment is granted.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Whitson's claim for workers' compensation benefits is dismissed with prejudice to its refiling.  Unless appealed, this order shall become final in 30 days.

2. Express Employment shall pay the $150.00 filing fee to the Clerk within five business days after this order becomes final under Tennessee Compilation Rules and Regulations 0800-02-21-.06.

3. Express Employment shall file the Form SD-2 with the Clerk within ten business days of this order becoming final.

**ENTERED May 4, 2026.**

**JUDGE AUDREY HEADRICK**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as shown on May 4, 2026.

| Name | Mail | Email | Service sent to: |
|------|------|-------|------------------|
| Frederick D. Whitson, Employee | | X | ███████████████ |
| Chris Rowe, Employer's Attorney | | X | cgrowe@mijs.com |
| Robert Davies, Fund Attorney | | X | robert.davies@tn.gov |

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

3



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1.  Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3.  You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4.  After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*